UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM R. DOLPH, | CIVIL ACTION NO. 3:10-cv-1744 |
| Petitioner | (Judge Nealon) |
| v. | |
| WARDEN, SCI-MERCER, | |
| Respondent | |

FILED SCRANTON NOV 1 0 2010 PER _____ DEPUTY CLERK

## MEMORANDUM and ORDER

This pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 was initiated by William Dolph, an inmate presently confined at the State Correctional Institution, Mercer, Pennsylvania (SCI-Mercer) on August 19, 2010. Named as Respondent is the SCI-Mercer Warden. Service of the petition was previously ordered. For the reasons set forth herein, Dolph's petition will be dismissed without prejudice.

**Background**

On January 5, 2009, Dolph pled guilty to a charge of illegal possession of a firearm in the Lackawanna County Court of Common Pleas. He was sentenced on April 14, 2009 to a four (4) to eight (8) year term of incarceration. Petitioner asserts that his attorney "failed to file appeal." (Doc. 1, ¶ 8).

On December 29, 2009, Petitioner sought relief via a pro se petition pursuant to Pennsylvania's Post Conviction Relief Act (PCRA). According to Dolph, his PCRA petition asserted the following claims: (1) ineffective assistance of counsel; (2) failure to be provided with a preliminary hearing; (3) witnesses were sent to a different court; and (4) coercion into entering plea because the firearm at issue belonged to Petitioner's wife.

Dolph indicates that his PCRA petition is still pending and an evidentiary hearing has not yet been held. See (Doc. 1, ¶ 9). Respondent concurs that "[t]he PCRA petition is still

1

pending in the state court." (Doc. 12, p. 2).

In this action, Dolph claims entitlement to federal habeas corpus relief on the grounds that: (1) his guilty plea was unlawfully induced and/or involuntarily made; (2) his conviction was obtained by use of a coerced confession; (3) evidence used against him was obtained pursuant to an unlawful arrest because the firearm was in his wife's possession; and (4) ineffective assistance of counsel.

Respondent argues that Dolph's petition is "timely, but prematurely, filed." (Doc. 12, p. 1). However, Respondent asserts that Petitioner's first and third claims, which have been asserted in Dolph's pending PCRA action, should be dismissed for failure to exhaust available state court remedies. With respect to Petitioner's second and fourth claims, Respondent contends that since those arguments were not included in Dolph's pending PCRA action they have been procedurally defaulted and should not be entertained by this Court because Petitioner has failed to show cause for the procedural default prior to seeking federal habeas corpus relief.

## Discussion

### Exhaustion

Respondent argues that Petitioner's first (unlawfully induced plea) and third (firearm in wife's possession) claims should be dismissed without prejudice due to Dolph's non-exhaustion of his available state court remedies. Both parties indicate that those arguments are presently pending before the Pennsylvania state courts via Petitioner's PCRA action which was filed in December, 2009.

Title 28 United States Code Section 2254(b)(1) provides that an application for a writ of habeas corpus filed on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless the applicant has exhausted the remedies available in the courts of the State; or there is an absence of available state corrective process; or there are existing circumstances which render the state process ineffective. The exhaustion requirement is not a mere formality. It serves the interests of comity between the federal and state systems, by

2

allowing the state an initial opportunity to determine and correct any violations of a prisoner's federal rights. Crews v. Horn, 360 F.3d 146, 151 (3d Cir. 2004). The Third Circuit Court of Appeals has stated that "under 28 U.S.C. § 2254(c), such a petitioner 'shall not be deemed to have exhausted the remedies available in the courts of the State ... if he has the right under the law of the State to raise, by any available procedure, the question presented." Wenger v. Frank, 266 F.3d 218, 223-24 (3d Cir. 2001).

"A state prisoner is generally barred from obtaining federal habeas relief unless the prisoner has properly presented his or her claims through one 'complete round of the State's established appellate review process.'" Woodford v. Ngo, 548 U.S. 81, 92 (2006) (internal citations omitted); O'Sullivan v. Boerckel, 526 U.S. 838, 844-45 (1999) (while exhaustion does not require state prisoners to invoke extraordinary remedies, the state courts must be afforded one full opportunity to resolve any constitutional issues via completion of the State's established appellate review process). The Supreme Court in O'Sullivan explained that state prisoners must "file petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State." Id. at 847. The Supreme Court added that, in determining whether a state prisoner has preserved an issue for presentation in a federal habeas petition, it must be determined not only whether a prisoner has exhausted his state remedies, but also whether he has properly exhausted those remedies, i.e., whether he has fairly presented his claims to the state courts. See id. at 848.

Fair presentation requires that the "substantial equivalent" of both the legal theory and the facts supporting the federal claim are submitted to the state courts, and the same method of legal analysis applied in the federal courts must be available to the state courts. Evans v. Court of Common Pleas, 959 F. 2d 1227, 1230 (3d Cir. 1992); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997). Moreover, to satisfy exhaustion, the state court must be put on notice that a federal claim is being asserted. Keller v. Larkins, 251 F.3d 408, 413 (3d Cir. 2001). The exhaustion requirement is satisfied if the petitioner's claims are presented through a collateral

3

proceeding, such as a petition under the PCRA, and it is not necessary to present federal claims to state courts both on direct appeal and in a PCRA proceeding. Evans, 959 F.2d at 1230.

It is undisputed that Dolph did not pursue a direct appeal. Petitioner further acknowledges that when he initiated this § 2254 action, he knew that his PCRA action was still pending in Pennsylvania state court. There is also no argument by Dolph that he should be excused from compliance with the exhaustion requirement. Since Petitioner admits that his claims of an unlawfully induced guilty plea and that the firearm at issue was in his wife's possession were asserted in his pending PCRA action, those arguments are clearly unexhausted and subject to dismissal without prejudice. See (Doc. 1, ¶ 11(b)).

**Procedural Default**

Respondent further contends that Dolph's second (coerced confession) and fourth (ineffective assistance) claims have not been exhausted and because those claims are not included in Dolph's pending state PCRA action, it is argued that they have been procedurally defaulted. Moreover, Respondent concludes that because Petitioner has not shown cause and prejudice or that a fundamental miscarriage of justice would result, those two procedurally defaulted claims cannot be reviewed by this Court. There is no indication by Dolph that his PCRA action included an argument that his conviction was obtained through use of a coerced confession. However, Petitioner does indicate that his ineffective assistance claim was raised in his PCRA action. See (Doc. 1, ¶ 11(b)). If Petitioner's contention is true, said claim would be subject to dismissal as being unexhausted pursuant to this Court's discussion regarding Dolph's first and third claims.

Accepting Respondent's argument that Dolph's second and fourth claims were not included in the PCRA action, those claims are likewise unexhausted. When a claim has not been fairly presented to the state courts but further state-court review is clearly foreclosed under state law, exhaustion is excused on the ground of futility. See Lines v. Larkins, 208 F.3d 153, 160 (3d Cir. 2000); Toulson v. Beyer, 987 F.2d 984, 987-88 (3d Cir.1993). Such a claim is procedurally

4

defaulted, not unexhausted, and may be entertained in a federal habeas petition if there is a basis for excusing the procedural default. Procedural default can only be excused if a petitioner can show "cause" and "prejudice" or that a "fundamental miscarriage of justice" would result. Edwards v. Carpenter, 529 U.S. 446, 451 (2000).

However, there is no indication that any Pennsylvania state court has found that Dolph's ineffective assistance of counsel and coerced confession claims are procedurally defaulted, i.e., precluded from state court review. Second, Respondent does not address the potential that Petitioner could file an Amended PCRA petition including his ineffective assistance of counsel and coerced confession claims. Likewise, this Court cannot predict what action will be taken by the PCRA court and the Pennsylvania Superior Court if it is presented with those arguments. Accordingly, it would be premature for this Court to conclude that those claims have been procedurally defaulted in state court.

Nonetheless, since Dolph's second (coerced confession) and fourth (ineffective assistance) claims are unexhausted, they are likewise subject to dismissal. However, dismissal will be entered without prejudice. When Petitioner's present claims are fully raised before and addressed by the Pennsylvania state courts and if Dolph is denied relief, he may than file a new § 2254 action. An appropriate Order will enter.

United States District Judge

Date: November 19, 2010

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

WILLIAM R. DOLPH, : CIVIL ACTION NO. 3:10-cv-1744
    Petitioner : (Judge Nealon)
v. :
WARDEN, SCI-MERCER, :
    Respondent :

## ORDER

AND NOW, THIS 16th DAY OF NOVEMBER, 2010, **IT IS HEREBY ORDERED THAT:**

1. The petition for writ of habeas corpus is **DISMISSED** without prejudice for failure to exhaust state court remedies.

2. The Clerk of Court is directed to **CLOSE** the case.

3. Based on the Court's conclusion, there is no basis for the issuance of a certificate of appealability.

 

_____
**United States District Judge**